O’Neall.
After a careful examination of this case, I am constrained to yield to the unbroken current of authorities and to dismiss the motion. Before I proceed to assign the reasons for this legal conclusion, I must be permitted to say that I believe the decisions, that the promise of one joint contractor would take out of the statute, a debt which would be otherwise barred, have been altogether founded in mistake. It has been supposed that the promise must have a joint effect or it could have none ; but it is clear that the old debt of two might be stated as the consideration of a promise by one, and a recovery had against the party making the promise ; and when the debt is barred at the time the promise is made, it will be seen in the progress of this opinion, that this course must be pursued, and that he alone who makes the promise will be liable.
In the case of Burtz (reported as Beitz) v. Fuller, 1 M’C. 541, it was held that the acknowledgement of one of two makers of a joint and several promissory note, that the debt was still due, was sufficient to take the case out of the statute against the other. In that case the note was given in 1808, the last payment on it was made in 1814, and the acknow-ledgement'was in 1821, shortly before the bringing of the *417 action. That case, like many of its predecessors and successors, did not distinguish between an acknowledgement made before or after a debt was barred by the statute of limitations.
In the case of Veale v. Hassan and Archer, 3 M’C. 278, it was held that the promise of one partner, after the dissolution of the firm, would prevent the operation of the statute. In it, it does not appear that the debt was barred at the time the promise was made. Without pursuing the examination further,, it is manifest that the doctrine that the promise of one of several joint contractors will take the case out of the statute of limitations, is too well settled to be entirely departed from. It must, however, be confined to cases in which the debt is not barred at the time the promise is made.
In the case of Young v. Monpoey, 2 Bail. 278, the distinction was for the first time taken between promises of acknowledge-ments made before or after a debt was barred by the statute of limitations. In the first class of cases, a slight acknowledgement of the debt would be sufficient,- but in the second, where the statute has run out, there must be either an express promise to pay, or an acknowledgement of a subsisting debt which the party is willing and liable to pay. The reason of the distinction is, that in the first class of cases the promise is regarded as a continuation for four years more of the defendant’s liability on an existing debt; in the second class of cases the debt is gone, and the new promise or acknowledgement must shew a sufficient cause of action to entitle the plaintiff to recover.
This can only be done by proof of an express promise or of an acknowledgement of an existing debt. For this makes a new contract,, supported by the old debt as its consideration.
The reason of the rule settled by the case of Young v. Monpoey, is directly applicable to cases of promises or acknow-ledgements made by one of several joint contractors. When the debt is not barred at the time the promise or acknowledgement is made, it would have the legal effect to continue for four years more the old contract; and it would thus be the-promise and undertaking of all the joint contractors for that extension of time.
But when the statute is run out, the debt is regarded as paid and legally discharged. It has, therefore, no legal obligation on any of the parties. If any one of them promises to pay it, or acknowledges it to be a subsisting debt which he is willing and liable to. pay, it would bind him : for it would be his contract, against which he could not plead the statute, until the time for its bar had again run out; but it could not have the effect to bind another who was under no legal obligation when it was made, It is not a revival of the old debt, but a new coa», tract and cause of action.
*418 In the case under consideration, the debt was not barred at the time F. Sihnan, one of the joint contractors, paid half of it; and according to the rule which I have stated, this had the effect to continue the debt for four years more against both of the contractors ; and the motion for nonsuit must therefore fail.
The ground taken for a'new trial was not pressed upon us, and upon looking into the report, it appears to b.e predicated on the question whether the board of the plaintiff by the dc. fendant was or was not gratuitous. This was purely a question of fact, which appears to have been fairly submitted to the jqry, and with their decision we see no reason to be dissatisfied.
The motions for a nonsuit or a new trial are dismissed.
Johnson and Harper, Js. concurred.